Filed 6/23/26  P. v. Flores CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>EDGAR ANTONIO FLORES,<br><br>        Defendant and Appellant. | D086986<br><br><br>(Super. Ct. No. INF062219) |

APPEAL from a judgment of the Superior Court of Riverside County, Joshlyn R. Pulliam, Judge.  Affirmed.

Edgar Antonio Flores, in pro. per., and William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2010, Edgar Antonio Flores was convicted of second degree murder, among other offenses arising out of a high-speed gun battle between rival gang members.  Flores was convicted of murder based upon the provocative act theory as an aider and abettor.  Flores appealed and this court affirmed his conviction in an unpublished opinion (*People v. Paez, et al.,* (July 3, 2012, D058373) [nonpub. opn.]).

In March 2021, Flores filed a pro per petition for resentencing under Penal Code section 1172.6.  The petition was denied by the Superior Court and Flores again appealed.  This court affirmed the denial of the petition in a published opinion (*People v. Flores* (2023) 96 Cal.App.5th 1164).

In April 2025, Flores filed a second pro per petition for resentencing under Penal Code section 1172.6.  The court appointed counsel, received briefing, and held a hearing.  The prosecutor urged denial of the petition as it was simply a restatement of the first petition without any difference in law or facts of the case.  Defense counsel agreed, and the court denied the petition without holding an evidentiary hearing.  The court also considered this court's opinion affirming the denial of the first petition for resentencing because Flores was convicted of provocative act murder, which required proof of malice when this case was tried.

Flores has appealed from the denial of his second resentencing petition.

Appellate counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to exercise its discretion to independently review the record under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738.

We advised Flores he could file his own brief on appeal.  Flores has filed a supplemental brief in which he makes several assertions of error.  He complains about his codefendant being tried based on possible prejudice.  He also speculates he might have been convicted of murder based on some impermissible theory.  Flores has not identified any arguable issues for reversal on appeal.

## STATEMENT OF FACTS

The facts of the offenses in this case were thoroughly discussed in our opinion affirming the convictions, and in our opinion affirming the denial of the first petition for resentencing. We will not review those facts for a third time in this opinion.

## DISCUSSION

We have exercised our discretion to independently review the record for error under the procedure outlined in *Wende*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Flores in this appeal.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, J.*

WE CONCUR:


DO, Acting P. J.


KELETY, J.

---

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.